FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2009 DEC 17  P 2:13

CLERK'S OFFICE
GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Karen Hudes<br>5203 Falmouth Road<br>Bethesda, MD 20816,<br>　　　Plaintiff,<br>　vs.<br><br>Aetna Corp.<br>175 Brookline Street<br>Cambridge, MA  02139,<br><br>Mark E. Schreiber<br>Edwards Angell Palmer & Dodge<br>111 Huntington Avenue<br>Boston, MA 02199-7613,<br><br>and<br><br>John and Jane Does 1-100,<br>　　　Defendants. | Civil No.: **RWT09 CV 3383**<br><br>**COMPLAINT** |

1. Jurisdiction in this case is based on Federal questions (Plaintiff's right to privacy protected by virtue of the 9th Amendment to the Constitution as a basic human right, the Corporate and Criminal Fraud Accountability Act, 18 U.S.C. Section 1514A, hereinafter referred to as Sarbanes-Oxley; and the Health Insurance Portability and Accountability Act, 42 U.S.C. Sections 201 et seq., hereinafter referred to as HIPAA).

2. Plaintiff is entitled to employee protection under Sarbanes-Oxley as a gatekeeper attorney who reported a corrupt bank takeover and securities law violations.

3. Defendant Schreiber is a hired gun who has invaded Plaintiff's privacy with the intention of defaming Plaintiff. Plaintiff requests a permanent restraining order to prevent Defendant Schreiber's imminent defamation of Plaintiff, abuse of Plaintiff's confidential medical records, infliction of further irrevocable damage on Plaintiff's career in violation of Sarbanes-Oxley whistleblower protections, and emotional distress to Plaintiff.

4. Defendant Aetna breached its fiduciary duty, confidential relationship with Plaintiff, and invaded Plaintiff's privacy, by disclosing Plaintiff's confidential medical records to her employer in violation of HIPAA and the Annotated Code of Maryland, General Section 4-302(a). Plaintiff requests damages of $1.5 million for Defendant Aetna's reckless destruction of Plaintiff's career and punitive damages of $3.0 million to prevent Aetna from infringing the confidentiality of others' medical records.

**STATEMENT OF FACTS**

5. Plaintiff has a J.D. from Yale Law School and a Doctoral Degree in economics from the University of Amsterdam. Plaintiff worked in the legal department of her employer for twenty years. Plaintiff put the institutional interests of her employer ahead of its officers by reporting internal control lapses as required by Sarbanes-Oxley and by the American Bar Association's Model

Rules of Professional Conduct.  (See Rule 1.13(b) available at: http://www.abanet.org/cpr/mrpc/rule_1_13.html)

6. Plaintiff was fired illegally on August 1, 2007 in retaliation for reporting corruption and securities law violations.  At the last annual meeting of her employer, the shareholders refused an increase in capital pending a report on improvements in corporate governance, accountability and operational effectiveness for their next meeting.

7. Defendant Aetna admitted to releasing Plaintiff's confidential medical records and treating physician information to Dr. Demure, a physician in the health department of Plaintiff's employer. Principles of medical ethics require the patient's express authorization before medical records can be released to the patient's employer.  One week prior to Plaintiff's termination, Dr. Demure contacted Plaintiff's physicians in violation of General Section 4-302(d) prohibiting redisclosure of medical records.

8. Dr. Demure informed Plaintiff on July 24, 2007 that he invaded Plaintiff's privacy through illegal telephone calls to her physicians.  Dr. Demure defamed Plaintiff and damaged Plaintiff's professional reputation with knowingly false statements to Plaintiff's physicians.  Dr. Demure maliciously requested Plaintiff's physicians to inform Plaintiff that she was barred from access to her employer's facilities for medical reasons.

9. Mr. David Rivero, in the legal department of Plaintiff's employer, has heretofore violated the Rules of Professional Conduct by his refusal to respond to Plaintiff's discovery

1  requests for Defendant Aetna's violations of the confidentiality
2  of Plaintiff's medical records with Plaintiff's medical service
3  providers.  Mr. Rivero's misconduct is currently before the
4  Office of Bar Counsel serving the District of Columbia Court of
5  Appeals and its Board on Professional Responsibility, where Mr.
6  Rivero is admitted to practice.
7  10.  Due to Mr. Rivero's misconduct, Plaintiff has not been able
8  to identify all of the breaches in confidentiality of her
9  medical records.  For this reason, after proper discovery,
10 Plaintiff intends to include any additional parties that may be
11 identified as having breached the confidentiality of Plaintiff's
12 medical records or retaliated against Plaintiff in violation of
13 Sarbanes-Oxley.
14 11.  When Plaintiff informed Dr. Demure that he was violating
15 medical ethics and breaking the law, Dr. Demure retaliated by
16 recommending that Plaintiff be denied access to her employer's
17 facilities.  Plaintiff was terminated illegally the following
18 week.
19 12.  The Office of Ethics and Business Conduct ("EBC") in
20 Plaintiff's employer refused to sanction Dr. Demure's breach of
21 medical professional ethics through the invasion of Plaintiff's
22 privacy, defamation of Plaintiff, and violation of General
23 Section 4-302(d).  EBC also refused to sanction Mr. Rivero's
24 breach of Rule 3.4 of the DC Bar Rules of Professional Conduct.
25 13.  Instead, EBC further invaded Plaintiff's privacy by hiring
26 Defendant Schreiber as a consultant.  EBC was trying to shield
27 its malfeasance by hiring Defendant Schreiber to defame
28 Plaintiff.  Plaintiff informed EBC that EBC was precluded from

reviewing her whistleblower retaliation claims or hiring a consultant to do so.  Plaintiff further informed EBC that the Public Company Accountant Oversight Board and KPMG were already reviewing Plaintiff's whistleblower retaliation claim.

## CONCLUSION

14.  Plaintiff's employer retaliates against employees by requiring submission to psychological fitness for duty examinations.  Defendant Aetna works hand in glove with this abusive retaliation by flagrant breaches in the confidentiality of medical records.

15.  Defendants Aetna and Schreiber are running roughshod over well-accepted principles of medical and legal ethics, laws regulating the confidentiality of medical records, and Sarbanes-Oxley.  Plaintiff has suffered harm from Defendant Aetna's acting as a renegade in violation of Plaintiff's Constitutional right of privacy, HIPAA, and General Sections 4-302(a) and (d) of the Annotated Code of Maryland.  Plaintiff's career is in danger of irreparable damage from Defendant Schreiber's imminent breach of Plaintiff's Constitutional right of privacy, Sarbanes-Oxley's whistleblower protections, HIPAA, and General Sections 4-302(a) and (d) of the Annotated Code of Maryland.

## RELIEF

16.  For these reasons, Plaintiff requests the Court to order:

(1)  damages in the amount of $1,500,000 and punitive damages of $3,000,000 as relief for defamation of Plaintiff and damage to

1  Plaintiff's professional reputation caused by Defendant Aetna's

2  negligent disclosure of her confidential medical records, and

3

4

5  (2)  a permanent restraining order to prevent Defendant

6  Schreiber from further breaches in the confidentiality of

7  Plaintiff's medical records and defamation of Plaintiff.

8

9

10                          *Karen Hudes*

11                     Karen Hudes, Pro Se

12                     Dated this December 17, 2009

13                     5203 Falmouth Road
                       Bethesda, MD  20816
14                     cell:   (202)316-0684
                       fax:    (301)229-0058
15                     phone:  (301)229-0058
                       email:  kahudes@aol.com

16

17

18

19

20

21

22

23

24

25

26

27

28